Jack E. HARLESS, Petitioner-Appellee,

v.

Charles E. ANDERSON,
Respondent-Appellant.

No. 81–1145.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 20, 1981.

Decided Nov. 24, 1981.

As Amended March 3, 1982.

Frank J. Kelley, Atty. Gen. of Mich., Thomas L. Casey, Stephen Schuesler, Asst. Attys. Gen., Lansing, Mich., for respondent-appellant.

Jack E. Harless, William Burnham, Detroit, Mich., for petitioner-appellee.

Before MERRITT and MARTIN, Circuit Judges, and PECK, Senior Circuit Judge.

BOYCE F. MARTIN, Jr., Circuit Judge.

Respondent Anderson, Warden of the Southern Michigan State Prison, appeals an order conditionally granting habeas relief to petitioner Harless, unless the State should retry him within ninety days. On June 12, 1975, Harless was convicted by a Detroit Recorder's Court jury of two counts of first degree murder. Harless received a mandatory life sentence with no possibility of parole. Harless then appealed to the Michigan Court of Appeals, which affirmed his conviction in *People v. Harless*, 78 Mich. App. 745, 261 N.W.2d 41 (1977). On June 21, 1979, the Michigan Supreme Court reviewed the Court of Appeals record and denied Harless' request for relief.

Harless petitioned the District Court on February 29, 1980, for a writ of habeas corpus, alleging that a jury instruction on malice denied him due process by creating a conclusive presumption on an issue that the State must prove. On January 8, 1981, the District Court, 504 F.Supp. 1135, granted a conditional writ, concluding that Harless had exhausted available state remedies, and that the malice instruction denied Harless due process. Harless is currently out on bond.

Respondent now appeals, contending that the District Court erred by: 1) finding that Harless exhausted available state remedies; and 2) concluding that the malice instruction was an improper conclusive presumption. We reject both of respondent's contentions and therefore affirm the District Court's judgment.

In our view, Harless adequately exhausted available state remedies for purposes of 28 U.S.C. §§ 2254(b) and (c). The respondent concedes that Harless presented to the state appellate courts all the facts on which he based his federal constitutional claim. Respondent contends, however, that the state courts had no opportunity to correct the constitutional error, because Harless did not explicitly complain to the state courts that the malice instruction denied him due process.

Although we do not have before us Harless' state appellate papers, we learn from the Michigan Court of Appeals opinion the substance of Harless' contention before that court: "The trial court committed *reversible error* by instructing the jury *incorrectly* on the implication [sic] of malice that might be drawn from defendant's use of a deadly weapon, *the effect of which was to remove the possible finding of manslaughter."* *People v. Harless*, 261 N.W.2d 41, 43 (1977) (emphasis added). At Harless' trial the court gave the following definition of malice to the jury:

> Malice is implied from the nature of the act which caused the death. Malice can be implied from using the weapon on another person. You are not obligated to reach the conclusion, *but you must imply malice if you find death was implied [sic] by the use of a gun against another.* (emphasis added).

Harless claimed on appeal that this instruction was reversible error under *People v. Martin*, 392 Mich. 553, 221 N.W.2d 336 (1974), a case holding that the law does not imply malice from the use of a deadly weapon. In *Martin*, appellant challenged his murder conviction on numerous state and constitutional grounds. The gist of Martin's appeal was that he was denied a fair trial because certain instructions failed to provide the jury with sufficient understanding of the elements of the crimes

charged, to enable them to perceive the crucial distinctions between first and second degree murder, and manslaughter. In particular, Martin challenged a malice instruction in which the jury was informed that the law implies malice from the use of a deadly weapon. The Court of Appeals ultimately decided as a matter of state law that the malice instruction "erroneously categorized [the issue of malice] as a presumption of law rather than a permissible inference." 221 N.W.2d at 341. However, Martin's constitutional argument was broadly phrased: failure to explain the law properly to a jury through adequate instructions abridges the due process right to a fair trial. The Court of Appeals neither rejected nor refined this constitutional argument. Rather, it seems to have accepted it tacitly, for in response to defendant's argument that his Sixth and Fourteenth Amendment rights to a fair trial had been abridged by an inadequate manslaughter instruction, the court stated that "an erroneous or misleading charge denies the defendant the right to have a properly instructed jury pass upon the evidence." *Id.* at 341. Although it did not specifically label this a *federal* right, the court clearly felt that a properly instructed jury is a prerequisite to a fair trial.

In our view, Harless' reliance on *Martin* was sufficient to present the state courts with the substance of his due process challenge to the malice instruction for habeas exhaustion purposes. The substance of Harless' state appeal, although unartfully phrased, sufficiently asked the state court to consider that the incorrect malice instruction denied Harless a fair jury trial by effectively eliminating the possibility of a manslaughter verdict from the jury's consideration. In our view, the due process ramifications were self-evident. Under *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), a habeas petitioner need not label his state claim as federal or constitutional. Given the elasticity of the due process concept, we are convinced that the Michigan courts had a fair opportunity to consider the issue encompassed by Harless' habeas corpus petition.

■ We now turn to the substantive issue raised by the jury instruction. Although the state has argued that the instruction appears as it does in the official transcript because of an error in transcription, it has offered no support for that claim. We cannot, on the basis of this allegation alone, assume that the instruction actually given differed from the instruction contained in the record. On the basis of the record, we agree with the District Court that it denied Harless due process by requiring the jury to find malice from the use of a weapon. Harless relied on self-defense, contending that he lacked the requisite intent or malice to justify a murder conviction. A killing without malice can be no more than manslaughter, and the state must prove malice beyond a reasonable doubt. *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). The trial court gave the jury a self-contradictory, garbled instruction on malice: "You are not obligated to reach the conclusion, *but you must imply malice if you find death was implied [sic] by the use of a gun against another.*" The operative effect of the italicized language was to require the jury to find malice if death was caused by the use of a gun. Here we can only assume that the jury followed the erroneous instruction:

> [E]ven if a jury could have ignored the presumption and found defendant guilty because he acted knowingly, we cannot be certain that this is what they *did* do. As the jury's verdict was a general one ... we have no way of knowing that [the defendant] was not convicted on the basis of the unconstitutional instruction.

*Sandstrom v. Montana, supra* at 526, 99 S.Ct. at 2460 (emphasis in original).

We emphasize that this opinion does not, in any way, expand the scope of habeas review. It must not be read as an indication that the courts of this circuit will grant habeas relief to every state defendant convicted on erroneous jury instructions. On the contrary, we adhere to the fundamental principle of *Cupp v. Naughton*, 414 U.S. 141, 146, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973):

> Before a federal court may overturn a conviction resulting from a state trial ... it must be established not merely that the [state's action] is undesirable, erroneous, or even "universally condemned," but that it violated some right which was guaranteed to the defendant by the Fourteenth Amendment.

The Supreme Court has recently reaffirmed this principle in *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981) and *Smith v. Phillips*, —— U.S. ——, 102 S.Ct. 940, —— L.Ed.2d —— (1982).

In the present case, we hold only that the jury instructions discussed above were so

garbled and confusing that they violated the defendant's constitutionally guaranteed right to due process of law. It is axiomatic that due process requires the state to prove beyond a reasonable doubt every element of a criminal offense. *Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977); *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). Malice is one such element of the crime of murder. If, as Harless argued, he acted in self-defense, he cannot be guilty of murder. As Chief Judge Edwards observed in *Berrier v. Egeler,* 583 F.2d 515 (6th Cir. 1978), it is up to the state of Michigan to show beyond a reasonable doubt that a defendant accused of murder did *not* act in self-defense. A showing of malice is one essential aspect of this burden of proof.

When we view the jury instructions in this case as a whole, as *Cupp v. Naughton, supra,* requires us to do, we can only conclude that they relieved the state of its burden of proving malice beyond a reasonable doubt. This was constitutional error.

The judgment of the District Court is affirmed.