**Albert LEE, Petitioner,**

v.

**T.D. TAYLOR, Supt., Respondent.**

**Civ. A. C81–212.**

United States District Court,
N.D. Ohio, E.D.

March 11, 1983.

---

Paul Mancino, Cleveland, Ohio, for petitioner.

J. Anthony Logan, Asst. Atty. Gen., Columbus, Ohio, for respondent.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Pending before this Court is Albert Lee's Petition for a Writ of Habeas Corpus from his conviction of aggravated murder[1] in violation of Ohio Revised Code § 2903.01. The matter was referred by this Court to a Magistrate who recommended that the petition be denied. Having reviewed the Magistrate's report and the objections thereto, this Court adopts the Magistrate's recommendation and denies Lee's Petition. However, this Court finds that it cannot adopt all of the Magistrate's conclusions of law.

### I. *Exceptions to the Magistrate's Report*

Lee raises several points which he claims were prejudicial errors at the trial court level. This Court disagrees with the Magistrate's findings as to only one point. (*See,* Part III B(2), at p. 10 of the Magistrate's decision.) This Court finds the trial court's instructions on the lesser included offense of voluntary manslaughter were incorrect. The error was prejudicial and constituted a denial of due process.

Relying on *State v. Muscatello,* 57 Ohio App.2d 231, 387 N.E.2d 627 (Cuyahoga Cty. 1977) [hereinafter *"Muscatello I"*] *aff'd State v. Muscatello,* 55 Ohio St.2d 201, 378 N.E.2d 738 (1978) [hereinafter *"Muscatello*

---

1. The reference to "robbery" in the first line of the Magistrate's report is clearly a typographical error.

*II* "], Lee makes two objections which, although inartfully phrased, this Court reads as follows: (1) the trial court's instructions to the jury regarding the lesser offense of manslaughter erroneously required the jury to consider whether it had been proved "beyond a reasonable doubt" that Lee was acting under the influence of extreme emotional stress; and (2) the trial court erroneously instructed the jury that it could not consider the lesser included offenses until it unanimously had decided that the defendant was not guilty of the greater offense of aggravated murder.

### A. *Extreme Emotional Distress*

■ Requiring emotional stress to be proved beyond a reasonable doubt before the jury may reduce a homicide charge to voluntary manslaughter is prejudicial error. *Muscatello I, supra,* at 250, 387 N.E.2d 627. A defendant has only the burden of producing evidence of emotional distress; he does not have the burden of proving it beyond a reasonable doubt. *Id.* In affirming *Muscatello I,* the Ohio Supreme Court states:

> ... Therefore the import of the instant instruction is as if the trial court had instructed the jurors that the appellee bore the burden of establishing the presence of the described emotional distress by proof beyond a reasonable doubt. This instruction is impermissible ... *Muscatello II, supra* at 204, 378 N.E.2d 738.

The offending instruction in *Muscatello* is as follows:

> Before you can find the Defendant guilty of voluntary manslaughter, you must find beyond a reasonable doubt:
>
> No. 1, that Richard Rauscher was a living person and his death was caused by the Defendant, William C. Muscatello, in Cuyahoga County, Ohio, on or about the 2nd day of February, 1975, and that the killing was done knowingly, and that the act causing the death of the victim was performed while the Defendant, William C. Muscatello was under extreme emotional stress brought on by serious provo-

cation reasonably sufficient to incite him to using deadly force....

The instructions at issue in Lee's case are as follows:

> Before you can find the defendant Albert Lee guilty of voluntary manslaughter, you must find, by evidence beyond a reasonable doubt, first that Anne Lee was a living person, and that her death was caused by the defendant Albert Lee, in Cuyahoga County, Ohio, on or about the 3rd day of December, 1974.
>
> Second, you must find, by evidence beyond a reasonable doubt, that the killing was done by Mr. Lee knowingly, as I have previously defined that term.
>
> Third, you must find that the act causing death was performed while the defendant Albert Lee was under extreme emotional stress brought on by serious provocation, reasonably sufficient to incite him into using deadly force.

Clearly, the instructions in the instant case suffer from the same defect the Ohio Supreme Court found in *Muscatello.* "But for the opening reference to guilt beyond a reasonable doubt, discussed, *supra,* this charge, so far as it goes, was not prejudicially erroneous under the facts at bar." *Muscatello II, supra,* at 206, 378 N.E.2d 738.

■ The jury instructions requiring Lee to prove emotional stress beyond a reasonable doubt had the effect of relieving the state of its burden to prove every element of the offense of aggravated murder beyond a reasonable doubt. It is a well established principle of constitutional law that the state must maintain the burden of proving beyond a reasonable doubt each and every element of the offense charged and that this burden cannot be placed on the defendant. *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1972). *See also, Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) and *Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977).

Accordingly, this Court finds, as the *Muscatello* courts found, that the erroneous instructions denied the defendant a fair trial.

Hence, this Court rejects the Magistrate's conclusion on this point.

■ The Magistrate suggests that the jury did not have occasion to apply the erroneous manslaughter instruction since it had unanimously concluded that the prosecution proved all the elements of aggravated murder. However, this Court cannot assume that this is, in fact, the reason underlying the jury's verdict. The Sixth Circuit's holding in *Harless v. Anderson,* 664 F.2d 610 (1982), where a "garbled" jury instruction was at issue, is instructive. In *Harless,* an erroneous jury instruction containing an impermissible presumption of malice prompted the Court of Appeals to conclude that "... we can only assume that the jury followed the erroneous instruction," *Id.* at 612, and that the defendant's trial was unfair: "... [w]e have no way of knowing that the defendant was not convicted on the basis of the unconstitutional instruction." *Id.* citing *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). Similarly, this Court cannot assume that the jury's verdict of aggravated murder, rather than the lesser offense of involuntary manslaughter, was not due to the erroneous instruction.

B. *Unanimous Agreement on the Greater Offense*

■ It is not necessary that the jury unanimously agree that a defendant is not guilty of aggravated murder or murder before considering the lesser charge of voluntary manslaughter. *Muscatello I, supra,* 57 Ohio App.2d at 251, 387 N.E.2d 627. An instruction requiring such a unanimous finding is prejudicial error in Ohio under *Muscatello.* Lee claims this error occurred at his trial. This Court has read the jury instructions and finds that no such instruction was given. In fact, the word "unanimous" does not appear anywhere in the instructions. This Court finds that there is absolutely no support for Lee's contention that such an erroneous jury instruction was given.

Rather, the instruction that comes closest to approaching, in substance, the objectionable "unanimous" instruction is:

Now, if you find that the state proved beyond a reasonable doubt all of the essential elements which I have just read to you of aggravated murder, your verdict must be guilty of that crime: and in that event, you will not consider any lesser offense. Transcript at 518.

The same argument was also raised in *Muscatello* and was specifically rejected:

The instruction which cautioned the jury not to go on to a consideration of a lesser included offense once guilt of a higher offense had been determined beyond a reasonable doubt does not in reality preclude consideration of the mitigating circumstance of emotional stress. . . .

. . . When a jury reaches a unanimous determination of guilt to a higher degree of the offense, it can be assumed that they have considered and rejected evidence regarding any defense of mitigating circumstances. *Muscatello I, supra* at 252, 387 N.E.2d 627.

This Court finds that the jury instructions on this point were not improper and Lee's assignment of error is not well taken.

II. *Cause and Prejudice Requirement of "Wainwright v. Sykes"*

■ Lee failed to raise any objection, at the trial court level, to the jury instructions which he now challenges in this Court. By this omission, Lee failed to comply with Ohio Rule of Criminal Procedure 30 which requires contemporaneous objections to jury instructions. Failure to comply with Rule 30 will, under Ohio law, bar appellate consideration of an objection based on the due process argument raised here. *State v. Williams,* 51 Ohio St.2d 112, 364 N.E.2d 1364, *vacated in part and remanded,* 438 U.S. 911, 98 S.Ct. 3137, 57 L.Ed.2d 1156 (1978). Lee's procedural default bars this Court from considering his claim in a federal habeas proceeding unless he can show "cause" and "actual prejudice". *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

Lee has satisfied the prejudice prong of *Sykes. See,* Part I *supra.* However, Lee

has not shown the requisite cause for his failure to object. He cites *Isaac v. Engle*, 646 F.2d 1129 (6th Cir.1980) (en banc) for the proposition that erroneous jury instructions can be reviewed in a federal habeas petition despite the lack of a contemporaneous objection. However, that decision was overturned by the United States Supreme Court in *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). The Supreme Court reaffirmed that "any prisoner bringing a constitutional claim to the federal courthouse after a state procedural default must demonstrate cause and actual prejudice before obtaining relief." *Id.* at 1572. The *Engle* court found that no cause had been shown and therefore refused to proceed to the substance of the due process claim.

While this Court has considered the due process claim, and finds that a constitutional violation occurred, this Court is unable to grant relief in light of *Wainwright v. Sykes, supra,* and *Engle v. Isaac, supra.*

Lee's Petition for a Writ of Habeas Corpus is denied.

IT IS SO ORDERED.