765 F.2d 144
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RAYMOND BOYKINS, PETITIONER-APPELLANT,
v.
HERMAN C. DAVIS, WARDEN, RESPONDENT-APPELLEE.
 NO. 84-5798
 United States Court of Appeals, Sixth Circuit.
 5/2/85
 
 ORDER
 BEFORE: LIVELY, Chief Judge; JONES, Circuit Judge; and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 Petitioner appeals the district court's order dismissing his habeas corpus petition brought under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Petitioner alleged in his habeas corpus petition that his convictions for armed robbery and carrying a pistol were not supported by sufficient evidence. Petitioner did not raise this issue in his direct appeal. However, the Tennessee appellate court sua sponte held that the evidence was sufficient to support the convictions. Petitioner did not appeal this finding to the Tennessee Supreme Court. Subsequently, petitioner raised the issue in a Tennessee post-conviction proceeding. The court dismissed the action and held that it was precluded from reaching the sufficiency of the evidence issue by the Tennessee appellate court's finding of sufficient evidence. Petitioner did not appeal the dismissal of this action.
 
 
 3
 A petitioner is required to exhaust available state remedies before applying for federal habeas corpus relief. Anderson v. Harless, 459 U.S. 4 (1982); 28 U.S.C. Sec. 2254. Petitioner's claim is not exhausted since it was never presented to the Tennessee Supreme Court. See Meeks v. Bergen, 749 F.2d 322 (6th Cir. 1984). However, the Tennessee appellate court ruled on the issue and petitioner's return to the state courts would be futile. See Matlock v. Rose, 731 F.2d 1236 (6th Cir. 1984), cert. denied, ---- U.S. ----, ---- S.Ct. ---- (1985).
 
 
 4
 Despite petitioner's satisfaction of the exhaustion requirement, we find that petitioner is barred from raising his claim in the federal courts. Failure to comply with state procedures in raising issues in the state courts precludes habeas corpus relief on those issues unless the petitioner can show cause for the procedural default and actual prejudice. Wainwright v. Sykes, 433 U.S. 72 (1977); Payne v. Rees, 738 F.2d 118 (6th Cir. 1984). A failure to raise issues on direct appeal is a procedural default. See Leroy v. Marshall, ---- F.2d ----, No. 82-3534 (6th Cir. March 21, 1985); Payne v. Rees, supra. Petitioner claimed that he did not raise the sufficiency of the evidence issue in his appeal to the Tennessee Supreme Court because the court would not consider it since the issue was not raised in the appellate court. He stated he failed to appeal his post-conviction action because he 'decided to abandon most of the issues raised in the [post-conviction] petition favoring one central issue to be advanced in the federal court,' and the state courts were unfair. These reasons do not demonstrate 'cause' for petitioner's failure to raise the sufficiency of the evidence issue in his direct appeal or his failure to appeal his post-conviction action. See Payne v. Rees, supra. Therefore, petitioner is barred from raising this issue in a federal habeas corpus action.
 
 
 5
 Petitioner also claims on appeal that the district court lacked authority to vacate the magistrate's order and dismiss the petition before the magistrate had entered a report and recommendation. This argument is without merit. It is within the district court judge's discretion to accept or reject the magistrate's orders. See 28 U.S.C. Sec. 636(b)(1); Western District of Tennessee Rule 17 IV(a).
 
 
 6
 Accordingly, it is ORDERED that the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).