William NADWORNY, Petitioner,

v.

Michael FAIR, Commissioner of Corrections, Respondent.

Civ. A. No. 87–2880–Y.

United States District Court, D. Massachusetts.

May 19, 1988.

of Corrections Michael Fair (the "Commissioner") to dismiss the petition for a writ of habeas corpus (the "habeas petition") which was brought by William Nadworny ("Nadworny"). The issue is whether petitioner Nadworny has exhausted the available state remedies as to all claims raised in his habeas petition. The Court rules that Nadworny has not exhausted post-conviction state remedies with respect to the following claims: 1) the alleged insufficiency of the evidence to convict; 2) the alleged misapprehension of the Supreme Judicial Court of the facts critical to the requirement of an instruction on the lesser included offense of manslaughter; and 3) the denial of the request for an instruction on manslaughter. Thus, this habeas petition must be dismissed.

## I. BACKGROUND

On June 8, 1983, an Essex County Grand Jury indicted Nadworny for the first degree murder of Lisa Belmonte on a date sometime between March 18, 1982 and July 19, 1982.[1] A jury convicted him of second degree murder on June 12, 1984. Nadworny was sentenced to a term of life imprisonment at the Massachusetts Correctional Institute at Cedar Junction. The Supreme Judicial Court granted direct appellate review and, on December 11, 1985, affirmed the conviction. *Commonwealth v. Nadworny*, 396 Mass. 342, 486 N.E.2d 675 (1985). Nadworny filed a timely Petition for Rehearing, which the Supreme Judicial Court denied on February 10, 1986. Nadworny then filed a petition for writ of certiorari in the United States Supreme Court. That petition was denied on June 23, 1986. *Nadworny v. Massachusetts*, 477 U.S. 904, 106 S.Ct. 3274, 91 L.Ed.2d 564 (1986).

On November 10, 1987, Nadworny filed this habeas petition in which he claimed the following six constitutional grounds for relief: 1) denial of due process because there was insufficient evidence to convict ("Ground One"); 2) denial of due process by reason of misapprehension of the Su-

John J. Jennings, Frawley & Jennings, Lynn, Mass., for petitioner.

Judy Zeprun, Annette Benedetto, Asst. Atty. Gen., Criminal Bureau, Boston, Mass., for respondent.

### MEMORANDUM AND ORDER

YOUNG, District Judge.

This matter is before the Court on the motion filed by respondent Commissioner

---

1. The facts of this case are set forth in detail in the opinion of the Massachusetts Supreme Judicial Court, *Commonwealth v. Nadworny*, 396 Mass. 342, 345–53, 486 N.E.2d 675 (1985). The Court need not repeat these facts in this memorandum.

preme Judicial Court of facts critical to the requirement of a lesser included instruction of manslaughter ("Ground Two"); 3) denial of due process in the refusal of an instruction on the lesser included offense of manslaughter ("Ground Three"); 4) denial of due process and compulsory process by the exclusion of evidence tending to explain the reason for making a certain statement ("Ground Four"); 5) erroneous introduction of statements obtained in violation of his right against self-incrimination ("Ground Five"); and 6) erroneous introduction of a letter which was authenticated in a manner that violated his right against self-incrimination ("Ground Six"). On December 3, 1987, this Court ordered the Commissioner to file an answer to the habeas petition.

## II. DISCUSSION

■ The exhaustion-of-state-remedies doctrine[2] requires that the "habeas petitioner must have 'fairly presented' to the state courts the 'substance' of his federal habeas corpus claim." *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982) (per curiam) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 277–78, 92 S.Ct. 509, 512, 513, 30 L.Ed.2d 438 [1971]). *See Gagne v. Fair*, 835 F.2d 6, 7 (1st Cir.1987). In essence, the petitioner must have presented the same legal theory to both the state and federal courts. *See Dougan v. Ponte*, 727 F.2d 199, 201 (1st Cir.1984). The First Circuit has ruled that a petitioner may satisfy the exhaustion requirement by any one of the following methods:

**2.** The exhaustion requirement is found in 28 U.S.C. sec. 2254 which provides, in relevant part:

> .  .  .  .  .
>
> (b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the

1) citing a specific provision of the Constitution; 2) presenting the substance of a federal constitutional claim in such a manner that it likely alerted the state court to the claim's federal nature; 3) reliance on federal constitutional precedents; and 4) claiming a particular right specifically guaranteed by the Constitution.

*Gagne*, 835 F.2d at 7 (citing *Dougan*, 727 F.2d at 201). The federal question, however, must be plainly defined. In *Martens v. Shannon*, 836 F.2d 715 (1st Cir.1988), the First Circuit stated, "[T]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; ... [o]blique references which hint that a theory may be lurking in the woodwork will not turn the trick." *Id.* at 717.

■ After considering both the Supreme Judicial Court opinion, *Commonwealth v. Nadworny*, 396 Mass. 342, 486 N.E.2d 675 (1985), and Nadworny's brief in that proceeding, this Court rules that the federal claims contained in Grounds One, Two and Three of this habeas petition were not fairly presented to the state courts. Nadworny relied exclusively on Massachusetts law, *see* Defendant's Brief at 47–55, 60–69, and the Supreme Judicial Court evaluated and rejected the claims as matter of state law.[3] *See Nadworny*, 396 Mass. at 354–58, 360–61, 486 N.E.2d 675. It is true, as Nadworny claims, that certain of the Massachusetts decisions which he cited to

State to raise, by any available procedure, the question presented.

**3.** With respect to Ground Four, the Court concludes that Nadworny has exhausted the available state remedies. In his brief to the Supreme Judicial Court, Nadworny stated, "The defendant was denied his constitutional rights of compulsory process and fair trial to present evidence in his own defense. *Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973); *Commonwealth v. Bohannon*, 376 Mass. 90, 94, 378 N.E.2d 987 (1978)." Defendant's Brief at 46–47. This reference to *Chambers*, a United States Supreme Court case analyzing the reach of the Fourteenth Amendment Due Process Clause which was also cited in *Bohannon*, adequately alerted the Supreme Judicial Court to the federal nature of Nadworny's claim. *Cf. Gagne*, 835 F.2d at 7–8 (holding that a habeas

the Supreme Judicial Court in turn relied on federal precedent interpreting the United States Constitution. But the courts of Massachusetts are fully competent to interpret the federal constitution and, when the highest court of the Commonwealth has done so, that interpretation has precedential force within Massachusetts and is binding on all inferior tribunals in the Commonwealth. By citing solely Massachusetts precedent, Nadworny revealed himself content with the interpretation given by the Supreme Judicial Court to the federal constitution. That is, Nadworney was arguing nothing more than that the framework for proper decision could be constructed from Massachusetts precedent alone. Had he sought a different or expanded framework for interpretation, it was his obligation to cite the federal decisions which set it forth.[4] Therefore, the Court, mindful of the First Circuit's instruction that the federal claim "must be presented face-up and squarely" to the state court, holds that Nadworny has not exhausted these particular claims.

██ Moreover, if a habeas petition contains both exhausted and unexhausted claims, this Court must dismiss such " 'mixed petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy,* 455 U.S. 509, 510, 102 S.Ct. 1198, 1199, 71 L.Ed.2d 379 (1982). *See Gagne,* 835 F.2d at 9.

Accordingly, the Commissioner's motion to dismiss the petition for a writ of habeas corpus is GRANTED.

---

petitioner had failed to suggest a constitutional claim to the Supreme Judicial Court by merely citing two federal cases which did not contain an analysis of constitutional law).

4. The Court recognizes that the discussion in the text suggests a rather simplistic test, i.e., no federal constitutional question will be raised in a state court proceeding when reliance is limited to the decisions of the highest court of that state alone and, conversely, a federal constitutional question may be raised when reliance is placed on Supreme Court or other federal precedent. It is not necessary to rule that this simple test applies in every circumstance; it suffices here to note that the test forms a good working hypothesis which may here be properly applied as set out in the text.