**David Paul GONZALEZ, Petitioner—Appellant,**

**v.**

**Jackie CRAWFORD; Frankie Sue Del Papa, Respondents—Appellees.**

**No. 05–16130.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2006.*

Decided Feb. 23, 2006.

Victor Hugo Schulze, II, Esq., Office of the Nevada Attorney General, Las Vegas, NV, for Respondents–Appellees.

Michael D. Powell, Esq., Federal Public Defender's Office, Reno, NV, for Petitioner–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

### MEMORANDUM **

Gonzalez appeals from the district court's order denying habeas relief. Gonzalez pled guilty to second degree murder in 1997. The district court granted a certificate of appealability on two issues, but Gonzalez pursued only one: Gonzalez seeks an evidentiary hearing on his claim that his counsel was ineffective because he "failed to properly advise him of the consequences of his plea and to effectively communicate with him and ensure that he could effectively communicate with the court." Gonzalez is hearing and speech impaired. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

The State correctly argues that Gonzalez failed to exhaust his present claim before the Nevada state courts. While Gonzalez did present an ineffective assistance of counsel claim to the state courts, that argument was based upon his "attorney fail[ing] to state[ ] to the court that [Gonzalez] was mentally ill and suffer[ed] from a lot of head pains." This argument bears little resemblance to the current claim. The Supreme Court has held that:

> 28 U.S.C. § 2254 requires a federal habeas petitioner to provide the state courts with a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim. It is not enough that all the facts necessary to support the federal claim were before the state courts.... [T]he habeas petitioner must have "fairly presented" to

the state courts the "substance" of his federal habeas corpus claim.

*Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) (citations omitted).

Under this standard, it is clear that Gonzalez failed to exhaust the present argument in the state courts. Because Gonzalez failed to exhaust his state remedies, we must affirm the district court's denial of habeas relief. *See* 28 U.S.C. § 2254(b)(1).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.