COMMONWEALTH *vs.* MARK JONES. June 22, 1983. *Homicide. Practice, Criminal,* Indictment, Variance, Instructions to jury.

The defendant has appealed from his conviction on an indictment charging murder in the second degree which tracks the statutory form of G. L. c. 277, § 79.

1. There is no merit to the defendant's claim that the judge erred in charging the jury on felony murder for the reason that "the indictment did not contain a felony murder charge" and "the Commonwealth had proceeded solely on a joint enterprise theory." That the statutory form was sufficient to charge murder by whatever means or manner it may have been committed has long been settled. *Commonwealth* v. *Jordan*, 207 Mass. 259, 265-268 (1911). *Commonwealth* v. *DiStasio*, 294 Mass. 273, 279 (1936). *Commonwealth* v. *Moran*, 387 Mass. 644, 647-650 (1982). At common law a homicide occurring in the commission or attempted commission of a felony is murder. *Commonwealth* v. *McGrath*, 358 Mass. 314, 318 (1970). *Commonwealth* v. *Watson*, 388 Mass. 536, 543-544 (1983). A judge may instruct the jury on the basis of the evidence (*Commonwealth* v. *Hobbs*, 385 Mass. 863, 870-871 [1982]) and is not bound by the legal theories advanced by the Commonwealth. *Commonwealth* v. *Kenneally*, 10 Mass. App. Ct. 162, 176 (1980).

2. There was ample evidence before the jury to support a finding that the defendant participated in a joint venture with the required intent to commit murder. We note that the defendant did not brief and expressly waived at oral argument any contention that the judge's charge (to which no objection was made) was inadequate under *Commonwealth* v. *Matchett*, 386 Mass. 492, 501-508 (1982), *Commonwealth* v. *Moran, supra* at 651, or *Commonwealth* v. *Watson, supra* at 544.

*Judgment affirmed.*

*John C. McBride & Judd J. Carhart* for the defendant.
*Robert J. Schilling*, Assistant District Attorney (*Margaret Steen Melville*, Assistant District Attorney, with him) for the Commonwealth.