**Mark JONES, Petitioner,**

**v.**

**Michael MALONEY, Superintendent, M.C.I. Cedar Junction, Respondent.**

Civ. A. No. 85–2911–G.

United States District Court,
D. Massachusetts.

Sept. 2, 1986.

## MEMORANDUM AND ORDER ON PETITION FOR HABEAS CORPUS

GARRITY, District Judge.

Mark Jones was convicted in state court of second degree murder. His conviction was affirmed by the Massachusetts Appeals Court, *Commonwealth v. Jones*, 1983, 16 Mass.App.Ct. 931, 450 N.E.2d 635, and the Massachusetts Supreme Judicial Court denied further appellate review. *Commonwealth v. Jones*, 1983, 390 Mass. 1101, 453 N.E.2d 1231. Petitioner then filed this petition for a writ of habeas corpus. After considering the briefs submitted by the parties and hearing oral argument, the court dismisses the petition on the ground that petitioner failed to exhaust his state law remedies before seeking habeas corpus relief in federal court.

### I. *Procedural History and Factual Background:*

On January 12, 1982, petitioner was charged with second degree murder. A jury trial commenced and on September 10, 1982, defendant was convicted and sentenced to life imprisonment in the Massachusetts Correctional Institution at Walpole.

The evidence showed that the victim was one Brian Cropper. On November 1, 1981, petitioner called Cropper and Cropper's companion, Chandler, over to him and his companion, Webb. Petitioner pulled some gold chains from Cropper's neck and removed twenty dollars from his pocket. An altercation ensued and Cropper and Chandler temporarily withdrew from the scene while petitioner and Webb fled in the opposite direction. Seconds later, Cropper ran toward petitioner and Webb, wielding a machete and a barrel. Petitioner shouted to Webb, "Give me the [expletive] gun. I'm going to kill the son of a bitch." Webb produced a gun, Cropper dropped the machete and barrel and ran in retreat. As Cropper retreated, Webb yelled, "I got it. I got it." Webb fired at Cropper and killed him. Petitioner and Webb then fled from the scene.

Petitioner was indicted for second degree murder. Prior to trial, the prosecutor had submitted proposed jury instructions based upon a "joint venture" theory of guilt. On the day before trial, at an unrecorded conference, the trial judge indicated that he was considering an instruction on felony murder. During the trial, at the close of the Commonwealth's evidence, the judge again indicated that he was considering a felony murder instruction. Defense counsel objected on the basis that from the pretrial conference forward, it had been the understanding of both counsel that the Commonwealth would proceed on a joint venture theory. Defense counsel argued that the court's injection of the felony murder issue into the case would force him to fashion a defense in the last hour to charges that were never brought in the indictment. The court rejected that argument and proceeded to put the issue of felony murder before the jury in its instructions.

Petitioner appealed the conviction to the Massachusetts Appeals Court, claiming that: (1) the trial court's instructions to the jury on felony murder created a fatal variance between the indictment and the Commonwealth's theory of prosecution; and (2) that the evidence was legally insufficient to support a jury finding that the defendant participated in the venture with the requisite intent to commit murder. Petitioner's brief to the appeals court also included a claim that the evidence was insufficient to establish that an unarmed robbery occurred, and that even if the robbery were established, the evidence was insufficient to show that the shooting took place during the course of the robbery. The Massachusetts Appeals Court affirmed the conviction and further appellate review was denied by the Supreme Judicial Court.

Petitioner then filed the instant habeas corpus petition. The petition sets forth two grounds for relief: (1) the trial court's instruction to the jury on felony murder created a fatal variance between the indictment and the Commonwealth's theory of

prosecution; (2) the Commonwealth's evidence was legally insufficient to support a jury finding that the defendant participated in the venture with the requisite intent to commit murder or that the defendant participated in the felony murder. The matter was assigned to a magistrate, who recommended denying the writ. Petitioner objected to the magistrate's recommendation and the matter was referred to this court for de novo consideration. During oral argument, petitioner raised and emphasized an additional ground for relief: even assuming that the conviction is valid under a joint venture theory, the insufficiency of the evidence on felony murder requires that the conviction be reversed because it is impossible to determine upon which ground it was based. The Commonwealth did not object at the hearing to the court's consideration of this third claim. The court directed the parties to file supplementary memoranda, including discussion of that issue, which they did. In its post-argument reply, respondent raised the issue of exhaustion of state remedies, to which petitioner filed a response.

II. *Exhaustion:*

█ A habeas petitioner "must have 'fairly presented' to the state courts the 'substance' of his federal habeas corpus claim," *Anderson v. Harless*, 1982, 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3, (per curiam) (quoting *Picard v. Connor*, 1971, 404 U.S. 270, 277–78, 92 S.Ct. 509, 513–14, 30 L.Ed.2d 438), to satisfy the exhaustion requirement. A habeas petitioner cannot present either new factual allegations or new legal theories that transform his claim or cast it in a significantly different light. *Williams v. Holbrook*, 1 Cir. 1982, 691 F.2d 3, 6. The Supreme Court has instructed courts to enforce the exhaustion requirement strictly in order to give state courts the first opportunity to review all claims of constitutional error.

*Rose v. Lundy*, 1982, 455 U.S. 509, 518–19, 102 S.Ct. 1198, 1203–04, 71 L.Ed.2d 379. Accordingly, the first circuit has cautioned that "the only safe course for a petitioner is explicitly to identify his federal constitutional claims before the state court." *Dougan v. Ponte*, 1 Cir.1984, 727 F.2d 199, 202.

In the instant action, there is no dispute, and the court so finds, that the issue of a fatal variance between the indictment and the Commonwealth's theory of prosecution was fully exhausted in the state courts. However, with regard to petitioner's second ground for relief, the Commonwealth argues that the exhaustion requirement has not been satisfied. Specifically, the Commonwealth contends that petitioner's claim regarding the sufficiency of the evidence on felony murder is based on legal theories and factual allegations never presented to the Massachusetts Appeals Court.[1]

Petitioner argued in state court that there was insufficient evidence to establish that an unarmed robbery occurred in that the prosecution had failed to establish a necessary element of robbery under M.G.L. c. 265, § 17: the taking of property of another. This argument was based on evidence from which it could be inferred that the items taken from the victim belonged to petitioner. Petitioner further contended that even if the Commonwealth established that a robbery occurred, the evidence supported a finding that the robbery had terminated prior to the shooting.[2] He relied on evidence that he and his codefendant never attempted to flee the scene and that the victim never tried to regain the items taken from him.

█ However, in the instant case, petitioner claims that the evidence with regard to felony murder was insufficient for different reasons. See generally Note, Felo-

1. Petitioner also claims that the evidence was insufficient to support a jury finding that the defendant participated in the venture with the requisite intent. The Commonwealth does not argue that this claim was not exhausted.

2. A necessary element of felony murder under Massachusetts law is that the homicide take place during the commission of the felony or the defendant's escape.

ny Murder: A Tort Law Reconceptualization, 99 Harv.L.Rev. 1918 (1986). He argues that the evidence was insufficient to show that his participation in the unarmed robbery constituted a "conscious disregard for human life." *Commonwealth v. Moran*, 1982, 387 Mass. 644, 442 N.E.2d 399, (where felony murder is premised on the felony of unarmed robbery, jury must find from the circumstances of the felony that the defendant consciously disregarded risk to human life). Petitioner points to the lack of evidence to show that he was aware that his companion had a gun.[3] It is one thing to argue that the felony and the shooting were two separate incidents, but it is quite another to maintain that the Commonwealth did not prove that petitioner knew that his companion had a gun and that petitioner consciously disregarded risk to human life. The arguments relate to two entirely different elements of felony murder and thus clearly represent two distinct legal theories. Furthermore, the two arguments are supported by different sets of facts. With respect to the temporal and spatial connection between the robbery and the shooting, petitioner relies on evidence that the victim never tried to regain his property, that petitioner and his companion never attempted to flee the scene, and that there was an appreciable interval between the alleged robbery and the shooting. In contrast, petitioner's claim regarding the element of "conscious disregard for human life" focuses on the absence of facts tending to show that he knew his companion was armed or that the alleged robbery was committed in a way inherently dangerous to human life. In our view, the analytical and factual distinctions between the arguments presented to the state court and those advanced here are sufficiently basic to preclude a finding that the substance of federal claims regarding felony murder were "fairly presented" to the state courts. Habeas petitioners must explicitly identify their federal constitutional claims before the state court. This is particularly true when the constitutional claim is based on due process which encompasses an almost infinite variety of trial errors. Accordingly, the court finds that petitioner has failed to exhaust in available state courts all of his federal claims based on felony murder.

■ With regard to the claim that a new trial should have been granted because it was impossible to determine whether the jury reached its verdict on the basis of joint venture or the erroneously submitted theory of felony murder, that claim was not included in the habeas petition, but was raised by petitioner during oral argument. However, the circumstances in which the issue was introduced are quite different from those in *Lacy v. Gabriel*, 1 Cir.1984, 732 F.2d 7, in which the appellate court, at 12, stated, "We think the district court may not convert a valid habeas corpus petition to an unexhausted one." In the instant case, petitioner's third contention was heard and briefed by implied consent of the parties and therefore the court treats the claim as if raised in the pleadings. Rule 15(b), Fed.R.Civ.P. However, petitioner's brief to the Massachusetts Appeals Court did not refer to this claim or to *Yates v. United States*, 1957, 354 U.S. 298, 77 S.Ct. 1064, 1 L.Ed.2d 1356 or to the other Supreme Court decisions which petitioner now cites in its support. Nor did petitioner's state court brief cite any other authorities so as to alert the state court to this lurking federal constitutional question. Accordingly, we conclude that petitioner failed to exhaust this claim in the Massachusetts courts.

### III. *Conclusion:*

■ The court holds that petitioner has failed to exhaust several of his claims. *Rose v. Lundy* directs that in the event of "mixed" petitions—those containing both exhausted and unexhausted claims—the

---

**3.** Massachusetts law also requires that in cases involving accessorial responsibility for the possession or use of a weapon by another, the jury must find that the unarmed participant knew that his companion had a gun. *Commonwealth*

*v. Watson*, 1983, 388 Mass. 536, 544, 447 N.E.2d 1182. To the extent that the evidence was insufficient to establish his knowledge of the gun, petitioner maintains that this constitutes an independent basis for relief.

E

court must dismiss the entire petition. Accordingly, the petition is dismissed for failure to exhaust available state remedies.