838 F.2d 467
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles Gene ROGERS, Petitioner-Appellant,
and
Belinda Joyce Carraway, Petitioner,
v.
Nathan A. RICE, Jannett Lancaster, Attorney General of the
State of North Carolina, Respondents-Appellees.
 No. 87-6132.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 21, 1987.
Decided Jan. 28, 1988.
 
 Charles Gene Rogers, appellant pro se.
 Richard Norwood League, Office of Attorney General, for appellees.
 E.D.N.C.
 VACATED AND REMANDED.
 Before JAMES DICKSON PHILLIPS and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Charles Gene Rogers requests a certificate of probable cause to appeal the district court's dismissal of his 28 U.S.C. Sec. 2254 petition. The district court ruled that Rogers had not exhausted state remedies with regard to his claim that the prosecution's discriminatory use of peremptory challenges had denied him equal protection. The court then dismissed on the merits Rogers' insufficiency of the evidence claims and his claim that the prosecution's discriminatory use of peremptory challenges had violated the sixth amendment.
 
 
 2
 The district court correctly ruled that Rogers had not exhausted state remedies on his equal protection claim. To exhaust state remedies on a claim, a petitioner must present the substance of that claim to the state courts. Simply presenting the facts underlying that claim is insufficient if the petitioner has not also alleged the same legal theory that he seeks to present in federal court. Anderson v. Harless, 459 U.S. 4, 6 (1982); Picard v. Connor, 404 U.S. 270, 276-77 (1971). Rogers did not present his equal protection claim to the North Carolina Supreme Court. Instead, he argued that the prosecution's use of peremptory challenges had violated his sixth amendment right to have his petit jury selected from a fair cross-section of the community. The fact that the state ignored this claim in its brief and argued that Rogers had not shown that he was entitled to relief under Swain v. Alabama, 380 U.S. 202 (1965) did not fairly present the equal protection claim to the North Carolina Supreme Court.
 
 
 3
 Because Rogers' petition contained an unexhausted claim, the district court erred in addressing the merits of Rogers' other claims. Instead, the court should have dismissed the petition without prejudice or given Rogers an opportunity to delete the unexhausted claim. Rose v. Lundy, 455 U.S. 509 (1982). We therefore grant a certificate of probable cause, vacate the judgment of the district court, and remand with instructions to dismiss Rogers' petition without prejudice for failure to exhaust state remedies. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the court, and oral argument would not significantly aid the decisional process.
 
 
 4
 VACATED AND REMANDED.