889 F.2d 1084
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Daniel Lee BROWN, Petitioner-Appellant,
v.
Talmadge BARNETT, Attorney General of the State of North
Carolina, Respondents-Appellees.
 No. 89-6763.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 14, 1989.
Decided Nov. 2, 1989.
 
 Daniel Lee Brown, appellant pro se.
 Clarence Joe DelForge, III, Office of the Attorney General of North Carolina, for appellees.
 Before HARRISON L. WINTER, WIDENER, and PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Daniel Lee Brown, a North Carolina inmate, seeks a certificate of probable cause to appeal the district court's entry of summary judgment in favor of respondents on his petition for habeas corpus relief brought pursuant to 28 U.S.C. Sec. 2254. In his petition Brown contended that he is entitled to release because: (1) he was incompetent prior to and during the plea bargaining proceedings, (2) his plea bargain was not voluntarily and intelligently taken, (3) the trial court and defense counsel took advantage of his incompetence and tricked and coerced him into signing the plea agreement, and (4) he received ineffective assistance of counsel. The district court granted summary judgment, in part, because Brown had never presented claims (3) and (4) to a state court in a manner permitting the state court to review their merits; consequently, those claims were not exhausted.[1] We affirm. We modify the judgment, however, to reflect that the dismissal was without prejudice.
 
 
 2
 If a petition for habeas corpus relief contains both exhausted and non-exhausted claims, the district court must dismiss the petition without prejudice to the petitioner's refiling his petition after all of the claims have been properly exhausted. 28 U.S.C. Sec. 2254(b) and (c); Rose v. Lundy, 455 U.S. 509 (1982). Brown's presentation of claims (3) and (4) for the first time in a petition for a writ of certiorari to the North Carolina Court of Appeals was insufficient for exhaustion purposes. Castille v. Peoples, 57 U.S.L.W. 4249 (U.S. Feb. 22, 1989) (No. 87-1602) (presentation of a claim to a state's highest court on discretionary review, without more, fails to satisfy the exhaustion requirements of 28 U.S.C. Sec. 2254). Brown may exhaust claims (3) and (4) by presenting them in another motion for appropriate relief in the appropriate state circuit court and appealing any unsatisfactory result to the North Carolina Court of Appeals.
 
 
 3
 Accordingly, we grant a certificate of probable cause to appeal and, pursuant to 28 U.S.C. Sec. 2106, modify the district court's judgment to show that the petition is dismissed without prejudice. As modified, we affirm the dismissal of the petition. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED AS MODIFIED.
 
 
 
 [1]
 We conclude that claims (1) and (2) have been exhausted for purposes of 28 U.S.C. Sec. 2254(b) and (c). It is apparent that the state court recognized the federal constitutional nature of the claim when it concluded, in denying the motion for appropriate relief, that "none of Petitioner's Constitutional rights have been violated." See, e.g., Daye v. Attorney General, 696 F.2d 186, 194 (2d Cir.1982) (en banc) (claim may be exhausted in compliance with Anderson v. Harless, 459 U.S. 4 (1982), if it is presented to the state court "in terms so particular as to call to mind a specific right protected by the Constitution" or if it is a claim which "is well within the mainstream of constitutional litigation"), cert. denied, 464 U.S. 1048 (1984)