959 F.2d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mark B. GORE, Petitioner-Appellant,
v.
Billy W. COMPTON, Respondent-Appellee.
 No. 91-6164.
 United States Court of Appeals, Sixth Circuit.
 April 2, 1992.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Mark Gore appeals the district court's order grnting the defendant's motion to dismiss this 28 U.S.C. § 2254 state petition for a writ of habeas corpus. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1987, Gore pled guilty to two counts of auto theft, two counts of third degree burglary, and escape. He was sentenced to eighteen years imprisonment. In his petition, Gore alleged that he received ineffective assistance of counsel and that his guilty plea was involuntary. The district court dismissed the petition, deciding that Gore failed to exhaust his state court remedies, and that his proposed amended complaint did not remedy this defect.
 
 
 3
 On appeal, Gore argues that the district court incorrectly determined that he failed to exhaust available state remedies regarding the 1987 state court conviction which is the subject of this petition for habeas relief.
 
 
 4
 An application for a writ of habeas corpus cannot be granted unless the petitioner first exhausts his state remedies. 28 U.S.C. § 2254(b); Anderson v. Harless, 459 U.S. 4, 6 (1982). The district court denied habeas relief for lack of exhaustion after analyzing Gore's second petition for state post conviction relief which he filed following his 1985 guilty plea for two counts of second degree burglary. However, as Gore pointed out at the district court level and again to this court, the subject of the instant habeas petition is his 1987 conviction for auto theft, third degree burglary, and escape. The remedies for this conviction are completely exhausted. See Tenn.Code Ann. §§ 40-30-112(b)(1) & (2) (1990); Stamps v. Rees, 834 F.2d 1269, 1274 (6th Cir.1987), cert. denied, 485 U.S. 980 (1988) (Kentucky statute).
 
 
 5
 In his appellate brief, the respondent concedes error on the grounds relied upon by the lower court to dismiss the instant petition, but argues that the district court nevertheless correctly granted respondent's motion to dismiss for lack of exhaustion. Because of the confusion over which conviction was the subject of this petition, the district court has not addressed either the question of exhaustion or the merits of the instant petition. Thus, it is appropriate to vacate the order and remand for further proceedings.
 
 
 6
 The district court dismissed the petition based on its determination that Gore has not exhausted his available state court remedies regarding his 1985 convictions. However, Gore has established that his 1987 conviction is the subject of his instant petition for habeas relief. Therefore, the order is hereby vacated and the case remanded so that the district court can give this case further consideration.
 
 
 7
 Accordingly, the district court's marginal order is hereby vacated and the case remanded pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for further proceedings consistent with this order.