UNITED STATES of America ex rel.
Kenneth EAGLIN (Prisoner No.
B–23–32), Plaintiff,

v.

George C. WELBORN, Warden,
and Roland W. Burris, Illinois
Attorney General, Defendants.

No. 92–1297.

United States District Court,
C.D. Illinois,
Peoria Division.

Feb. 24, 1993.

Maribeth Egert Dura, Cusack & Fleming, Peoria, IL, for plaintiff.

Penelope Gainer, Asst. Atty. Gen., Springfield, IL, for defendants.

### ORDER

McDADE, District Judge.

Before the Court is an Amended Petition for a Writ of Habeas Corpus, filed by Counsel for Petitioner, Kenneth L. Eaglin. [Doc.

# 9–1]. For the reasons which follow, the Petition is GRANTED.

## PROCEDURAL HISTORY

Petitioner, Kenneth L. Eaglin, was charged by information with one count of solicitation of murder for hire. Ill.Rev.Stat. 1989, ch. 38, par. 8–1.2. He was convicted by a jury on January 15, 1990 and sentenced to 34 years imprisonment. In his Amended Petition for a Writ of Habeas Corpus, Petitioner raises four grounds for relief: (1) Petitioner's Fourteenth Amendment right to Due Process was violated when the trial court refused to instruct the jury on the defense of entrapment; (2) Petitioner's Fourteenth Amendment right to Due Process was violated because the jury instructions defining first degree murder said that defendant must either have an intent to kill or do great bodily harm; (3) Petitioner's Fourteenth Amendment right to a fair and impartial trial were violated when the trial court appointed a state's attorney from another county as special prosecutor without constitutional and/or statutory authority; (4) Petitioner's Fourteenth Amendment right to Due Process was violated because the rule requiring that petitioner admit to a crime as a precondition to raising the entrapment defense specifically violates Petitioner's right from self-incrimination and Petitioner's right that there is a presumption of innocence throughout every stage of his trial. On direct appeal, Petitioner raised the same four grounds and was denied relief; therefore, these claims have been exhausted. *Verdin v. O'Leary,* 972 F.2d 1467 (7th Cir.1992). Procedural default is not an issue in this case.[1]

## DISCUSSION

A. Whether Petitioner had a constitutional right to have the jury instructed on his entrapment defense.

■ After review of the Petition, the Court finds that ground one establishes a constitutional violation, and thus the Court will not reach the other issues presented.[2] In ground one, Petitioner alleges that the trial court violated his Fourteenth Amendment right to procedural due process when it refused to give the jury an instruction on the entrapment defense. Under the authority of *Mathews v. United States,* 485 U.S. 58, 108 S.Ct. 883, 99 L.Ed.2d 54 (1987), Petitioner argues that he was entitled to have the jury instructed on the entrapment defense because he produced "sufficient evidence from which a reasonable jury could find entrapment," *id.* at 62, 108 S.Ct. at 886, even though he denied the intent to kill, one of the elements of the crime charged. Respondents argue that Petitioner is not constitutionally entitled to an instruction on the defense because *Mathews* did not identify any constitutional underpinnings of the right.[3] *See Peo-*

---

1. *See infra* note 2.

2. For the record, **ground two** asserts that the trial court gave the wrong instruction on the state of mind necessary to convict on solicitation of murder. The issue is whether Petitioner waived his right to assert that claim by failing to object to the instruction at trial. Respondents assert that failure to object constitutes waiver under state procedural rules and thus a procedural default for purposes of this habeas petition. Petitioner does not directly address the waiver issue, but merely noted that the defective instruction was plain error. **Ground three** does not state a constitutional claim because it asks the Court to interpret a state statute respecting appointment of a special prosecutor. In *Whipple v. Duckworth,* the Seventh Circuit makes clear that the federal courts have no authority to tell the Illinois Supreme Court how to interpret their own statutes. 957 F.2d 418, 442 (7th Cir.1992). On habeas review, this Court does not reinterpret Illinois law, but instead seeks to determine

whether the Petitioner has been convicted in violation of his constitutional rights. 957 F.2d at 442. In **ground four,** Petitioner asks the court to "reconsider" the rule set out in *Gillespie,* 136 Ill.2d 496, 557 N.E.2d 894, 145 Ill.Dec. 915 (Ill.1990). The Court will not comment on the Illinois Supreme Court's decision in that case, since it is clear from the views expressed in this opinion that the Court believes Petitioner has a constitutional right to have the jury instructed on entrapment under *Mathews.*

3. The basis for Respondents argument is that they find it logically inconsistent to allow Petitioner to raise the entrapment defense but deny commission of the crime. Although the Illinois Supreme Court has adopted this argument in *People v. Gillespie,* 136 Ill.2d 496, 557 N.E.2d 894, 145 Ill.Dec. 915 (Ill.1990) and *People v. O'Toole,* 226 Ill.App.3d 974, 590 N.E.2d 950, 169 Ill.Dec. 31 (Ill.App.1992), the United States Supreme Court has not. In *Mathews,* the Court stated that criminal defendants can raise logical-

*ple v. Gillespie,* 136 Ill.2d 496, 557 N.E.2d 894, 145 Ill.Dec. 915 (Ill.1990); *People v. O'Toole,* 226 Ill.App.3d 974, 590 N.E.2d 950, 169 Ill.Dec. 31 (Ill.App.1992); *but see People v. Everette,* 141 Ill.2d 147, 565 N.E.2d 1295, 152 Ill.Dec. 377 (Ill.1990).[4]

In *Mathews,* the issue was whether "a defendant in a federal criminal prosecution who denies commission of the crime may nonetheless have the jury instructed, where the evidence warrants, on the affirmative defense of entrapment." *Mathews,* 485 U.S. at 59, 108 S.Ct. at 885. The Court held that "even if the defendant denies one or more elements of the crime, he is entitled to an entrapment instruction whenever there is sufficient evidence from which a reasonable jury could find entrapment." *Id.* at 62, 108 S.Ct. at 886. The discussion in this case focused on the inherent inconsistency presented by an entrapment defense, which presupposes commission of the crime, and denial of one or more elements of the crime necessary to find that the crime was in fact committed.

Initially, the Court found that inconsistent defenses should be permitted in criminal trials, even though the criminal code did not expressly provide for them, because "the only matters required to be specially pleaded by a defendant are notice of alibi and an intent to rely on insanity as a defense." *Id.* at 64–65, 108 S.Ct. at 887. The Court then specifically held that criminal defendants were entitled to have the jury presented on the entrapment defense, even if they denied one or more elements of the crime. Although the Supreme Court in *Mathews* did not expressly identify the Fifth and Sixth Amendments as the constitutional source for an instruction on entrapment, the Seventh Circuit filled this void in *Whipple v. Duckworth,* 957 F.2d 418 (7th Cir.1992).

In *Whipple v. Duckworth,* 957 F.2d 418 (7th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 218, 121 L.Ed.2d 157 (1992), the Seventh Circuit held that the Fifth and Sixth Amendments give a criminal defendant the right "to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Id.* at 423 *citing Mathews* 485 U.S. at 63, 108 S.Ct. at 886. By citing *Mathews* as support for this proposition, the Court suggested that the entrapment defense falls within the ambit of other affirmative defenses protected by the Fifth and Sixth Amendments, even though the Supreme Court failed to identify the constitutional source of this entitlement. *Whipple,* 957 F.2d at 421. Unlike the Supreme Court in *Mathews,* the Circuit Court clearly identified a "defendant's right to submit a defense for which he has an evidentiary foundation" as "fundamental to a fair trial," and thus "protected under both the Fifth and Sixth Amendments."[5]

The Sixth Amendment, which assures the defendant of a right to trial by jury, is violated where the trial judge directs a verdict on an issue against the defendant. "[I]f the trial judge evaluates or screens the evidence supporting a proposed defense and upon such evaluation declines to charge on that defense, he dilutes the defendant's jury trial by removing the issue from the jury's consideration." [citations omitted].... A Fifth Amendment violation occurs when the instructions provided do not "accurately [reflect] the law as it

---

ly inconsistent defenses, even in the case of entrapment. 485 U.S. 58, 62–65, 108 S.Ct. 883, 886–88 (1987).

**4.** Habeas Corpus granted by *U.S. ex rel. Everette v. Roth,* 808 F.Supp. 1332 (N.D.Ill.1992) (a thorough discussion of the criminal defendant's right to have jury instructed on state affirmative defense where evidence supports it).

**5.** The Court can only speculate as to why the Supreme Court stopped short of identifying whether entitlement to the entrapment instruction was constitutionally based and, if so, the

basis for that entitlement. Clearly, however, the dissent by Justices White and Blackmun misstate the case by saying the Majority acknowledged that the Petitioner in that case had "no Fifth or Sixth Amendment right to conduct an inconsistent entrapment defense at trial. *See Mathews,* 485 U.S. at 69, 108 S.Ct. at 890. The Court did not expressly acknowledge that principle; in fact, the Majority was expressly silent on this point. This Court is thus bound by the Seventh Circuit's decisions and, under the auspices of *Whipple,* finds that the entrapment defense should be treated like any other affirmative defense where the evidence supports submission to the jury.

appeared at the time of the alleged criminal conduct." [citations omitted].

*Id.* at 423.[6]

 The Court finds that *Whipple* and *Mathews*, taken together, support the holding that the Fifth and Sixth Amendments give criminal defendants a constitutional right to have the jury instructed on the entrapment defense where the evidence is sufficient for a reasonable jury to find entrapment, even if defendants deny one or more elements of the underlying crime. Because the record indicates that Petitioner produced evidence on the entrapment defense sufficient to warrant an instruction,[7] the trial court's failure to instruct the jury on Petitioner's entrapment defense violated his Sixth Amendment right to a jury trial, and his Fifth Amendment due process right to have the law accurately stated.

B. Whether Petitioner's federal claim was presented fairly in state court.

 In this case, the Court will not deny habeas relief merely because Petitioner claims that the trial court's failure to instruct the jury on entrapment violates his Fourteenth Amendment right to Due Process, rather than the Fifth and Sixth Amendments. The issue posed by Petitioner's failure to identify the entrapment claim as a Fifth and Sixth Amendment right is whether the state courts were "fairly alerted" to the constitutional issue so that the courts had an opportunity to remedy any constitutional deficiencies. *See Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982); *Verdin v. O'Leary*, 972 F.2d 1467, 1474 (7th Cir.1992); *Whipple v. Duckworth*, 957 F.2d 418 (1992). Four factors guide the analysis: reliance on federal cases employing constitu-

tional analysis, reliance on state cases employing constitutional analysis, assertion of the claim in particular constitutional terms, and allegation of a pattern of facts within the mainstream of constitutional litigation. *Whipple*, 957 F.2d at 420. Petitioners are not required to cite "book and verse on the federal constitution." *Id.* (citing cases).

In *Whipple*, the Petitioner did not attempt to identify the source of his alleged entitlement to have his self-defense claim presented to the jury, but the Seventh Circuit held, nonetheless, that, because Petitioner relied on cases that raised the same constitutional questions presented by the habeas petition, he could not be penalized for failing to identify the constitutional underpinnings of a right that even the Seventh Circuit had failed to identify. *Id.* at 420–21. In this case, Petitioner has not failed to identify a potential source of the right, but rather has mistaken that source. *Whipple* was the first case to clearly identify the Fifth and Sixth Amendments as the constitutional source of *Mathews*. Although this case was not decided at the time Petitioner raised the entitlement defense on direct appeal, *Mathews* was argued to those courts, and its holding was sufficient to raise the substantive constitutional question at issue in this habeas petition. Thus, under the authority of *Whipple*, the Court will excuse Petitioner's failure to correctly identify the source of his right to an entrapment defense instruction.

## CONCLUSION

Accordingly, the trial court's failure to give the instruction violated Petitioner's constitutional rights under the Fifth and Sixth Amendments. IT IS THEREFORE ORDERED that the Petition for a Writ of Ha-

---

**6.** *See supra* note 3.

**7.** "A valid entrapment defense has two related elements: government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in criminal conduct." *Mathews v. United States*, 485 U.S. 58, 63, 108 S.Ct. 883, 886, 99 L.Ed.2d 54 (1987). With respect to the both elements, Petitioner testified that the government's agent told him that "States's Attorney Scott had hired a man named Paul Long to kill Eaglin's wife." Appellate Court Transcript at 2. According to Eaglin, agent Rob-

erts then told Petitioner that he had arranged (apparently on his own initiative) to have Long kill Scott instead, but Long needed a payoff. *Id.* "Roberts also allegedly told Eaglin that if he attempted to back out of the deal, his family would be killed." *Id.* The Court finds this testimony sufficient evidence to send the issue to the jury. Evidence presented to support an affirmative defense instruction is sufficient even if the evidence is weak, inconsistent, or of doubtful credibility. *Whipple*, 957 F.2d at 423 (citing cases).

beas Corpus [Doc. # 9–1] is GRANTED, unless the state elects to retry the defendant within 120 days from the date of this Order.