16 F.3d 1225
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Robert C. BLEITNER, Petitioner/Appellant,
v.
George C. WELBORN and Attorney General of the State of
Illinois, Respondents/Appellees.
 No. 92-2222.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 2, 1993.*
Decided Jan. 31, 1994.
 
 Before POSNER, Chief Judge, and RIPPLE and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Robert Bleitner sought a writ of habeas corpus, 28 U.S.C. Sec. 2254, claiming, among other things, that the state trial court's determination that he was competent to stand trial deprived him of due process of law, and that its denial of his motion to suppress evidence that he claims was seized in violation of the Fourth Amendment was improper. The district court denied Bleitner's petition.
 
 
 2
 On appeal, Bleitner disputes the district court's conclusion that the record supports the state trial court's determination that he was competent to stand trial. He argues that in reaching its conclusion the district court repeated the error of the state court by allowing the lay testimony of prison officials, which supported a finding that he was competent to stand trial, to outweigh expert testimony of two psychiatrists, which supported a finding that he was not. The determination whether a defendant is competent to stand trial is a finding of fact. United States ex rel. Foster v. DeRobertis, 741 F.2d 1007, 1011 (7th Cir.1984), cert. denied, 469 U.S. 1193 (1985). A federal court reviewing a state court's factual finding is bound to presume that the state court's finding is correct unless the petitioner can show that it is not fairly supported by the record. 28 U.S.C. Sec. 2254(d)(8); Maggio v. Fulford, 462 U.S. 111 (1983) (per curiam) (applying this standard to review of determination of competence to stand trial).
 
 
 3
 A criminal defendant's competency to stand trial depends upon (1) whether he "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and (2) "whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960) (per curiam). Only the former is at issue in this case. We believe the record supports a finding that, at the time of his trial, Bleitner had the ability to consult with his lawyer and assist in the preparation of his defense. The state produced two lay witnesses. Deputy Sheriff Richard Atterbury, the jailer and dispatcher at the facility where Bleitner was incarcerated before his trial, testified to numerous telephone calls and visits between Bleitner and his attorney. Atterbury testified about his personal contacts with Bleitner and opined that Bleitner knew why he was in jail and believed he was going to prevail at his trial. Atterbury also related that Bleitner would verbally share the information given to him by his attorney with his wife and son (who were jailed in nearby cells) and would tell them what they should and should not say to their attorneys. He expressed the opinion that Bleitner was able to assist his attorney in the preparation of his defense. Stacey Ferguson, the local sheriff, testified about his contacts with Bleitner, which consisted of several long conversations with him about his case while traveling to various hearings, and expressed the opinion that Bleitner understood the nature of the proceedings against him and was able to assist in his defense. Ferguson noted that Bleitner always prepared notes before communicating with his attorney. Finally, the state introduced Bleitner's sworn testimony at the bail-reduction hearing as evidence of Bleitner's fitness to understand questions and formulate answers.
 
 
 4
 Nonexperts who have had an opportunity to observe a person may give their opinions of mental condition or capacity based on facts observed, including conversations. Such lay opinions may overcome an expert opinion. See United States v. Bennett, 908 F.2d 189, 195 (7th Cir.1990); United States v. Kennedy, 578 F.2d 196, 198 (7th Cir.1978). Here the record supports the trial court's finding that the lay testimony of the state's witnesses was more persuasive than the expert testimony of Dr. Lawrence Domino, the psychiatrist who testified that Bleitner was not competent to stand trial. Dr. Domino and Dr. Perry Griffith, Dr. Domino's assistant, saw Bleitner on only two occasions for a total of two hours and twenty minutes. They did not perform a physical examination, psychological test, or intelligence tests on Bleitner. Dr. Domino testified that Bleitner had expressed an opinion about the abilities of his attorney and that Bleitner understood the charges against him, the role of the judge, jury, and prosecutor, the plea-bargaining system, the nature of motions to suppress, and that it was his attorney's duty to help him. Moreover, Dr. Domino conceded that his diagnosis that Bleitner suffered from a paranoid personality disorder was not definite and that Bleitner appeared to have some ability to cooperate with his attorney.
 
 
 5
 The trial court's own observations of Bleitner during the competency hearing, as well as during prior hearings, support a finding that Bleitner was competent to stand trial. The trial judge observed Bleitner communicating with his attorney in the courtroom and watched the attorney formulate questions based on what Bleitner told him. He observed Bleitner's demeanor in the courtroom and found it inconsistent with the psychiatric evaluation. Bleitner's attorney complained that Bleitner had told him preposterous stories and had given him conflicting information. The trial judge concluded, we think correctly, that the attorney's complaints about Bleitner did not dictate a finding that Bleitner was not competent to stand trial. Criminal defendants are often less-than-truthful with their attorneys and may tell their attorneys anything they believe will result in their acquittal. Here the record reveals that Bleitner supplied his attorney with an overabundance of information, much of it irrelevant. That Bleitner made it difficult for his attorney to sift the important information from the nonsense does not necessarily mean that Bleitner was not competent to stand trial.
 
 
 6
 The ultimate issue whether Bleitner was competent to stand trial was for the trial court, not the experts, to decide. See United States ex rel. Bilyen v. Franzen, 686 F.2d 1238, 1245 (7th Cir.1982). The trial court gave proper deference to the expert's opinion but was not bound to it in light of the other evidence in the record.
 
 
 7
 Next, Bleitner contends that the district court erroneously concluded that he had a full and fair opportunity to litigate his claim that the stop and search of his car violated his right under the Fourth Amendment to be free from unreasonable searches and seizures. Where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. Stone v. Powell, 428 U.S. 465, 494 (1976). Bleitner's claim was fully and fairly litigated in a pre-trial hearing on his motion to suppress. Bleitner's trial counsel filed a memorandum of law in support of the motion, the claim was preserved in a post-trial motion, and the state appellate court fully addressed the claim. See People v. Bleitner, 546 N.E.2d 241, 246-47 (Ill.App.Ct.1989), appeal denied, 548 N.E.2d 1071 (Ill.1990). Bleitner argues in his brief that ineffective assistance of his trial counsel precluded a full and fair opportunity to litigate his Fourth Amendment claim. Nevertheless, because Bleitner did not raise this claim in the state court proceedings, it cannot be addressed now absent a showing of cause for not raising the issue in state court and prejudice resulting therefrom. Anderson v. Harless, 459 U.S. 4, 6-7 (1982). Bleitner has not explained why he did not raise his claim of ineffective assistance of counsel in state court; therefore, he has waived this claim in federal court. Murray v. Carrier, 477 U.S. 478, 492 (1986).
 
 
 8
 Bleitner also contends that the district court improperly denied his motions to supplement the record and to conduct pretrial discovery. Discovery is not a matter of right in Sec. 2254 proceedings. See Harris v. Nelson, 394 U.S. 286, 295 (1969). Prior leave of court is specifically mandated to prevent abuse. 28 U.S.C. Sec. 2254, Rule 6 (Advisory Committee Notes). A petitioner's right to discovery pursuant to the Federal Rules of Civil Procedure is subject to a showing of good cause and to the court's discretion. 28 U.S.C. Sec. 2254, Rule 6(a). Bleitner did not sustain his burden of showing good cause.
 
 
 9
 According to Bleitner, the testimony of certain witnesses and investigative reports that are not part of the record would have shown that he was not guilty of attempted murder. Nevertheless, Bleitner did not show the relevance of this evidence to the issues that he raised in his petition. Bleitner requested in his petition that his conviction be reversed and that he be resentenced, but he did not challenge the sufficiency of the evidence supporting his conviction. Rather, he challenged the finding that he was competent to stand trial, the propriety of the stop and search of his car, the use at trial of evidence pertaining to prior crimes, and ineffective assistance of his trial counsel. The evidence that Bleitner sought to procure through discovery was not relevant to any of these claims. The court therefore did not abuse its discretion in refusing to allow discovery.
 
 
 10
 In the district court, Bleitner moved to supplement the record with the psychiatric reports that served as the basis for Dr. Domino's testimony and the transcript of his defense counsel's comments at the competency hearing. According to Bleitner, this evidence would have supported his claim that he was not competent to stand trial. A district court may allow a petitioner to supplement the record with evidence that is relevant to the determination of the merits. See 28 U.S.C. Sec. 2254, Rule 7(a). The court reserved its ruling on Bleitner's motion and invited Bleitner to renew the motion after the state filed its answer. Bleitner never renewed his motion or explained the relevance of the additional evidence. Even if Bleitner had renewed his motion, the district court would not have abused its discretion by denying it, because the additional evidence was cumulative. The record contains enough information to allow meaningful review of the trial court's determination that Bleitner was competent to stand trial. Included in the record are the transcript of Bleitner's competency hearing and the briefs and appellate court opinion from Bleitner's direct appeal. These documents adequately informed the district court of the contents of the psychiatrists' reports and the comments of Bleitner's defense counsel.
 
 
 11
 Finally, Bleitner contends that the district court erroneously refused to appoint counsel to represent him. Under 18 U.S.C. Sec. 3006A(a)(2)(B), a district court may provide counsel for a financially eligible person who is seeking relief under 28 U.S.C. Sec. 2254 if "the interests of justice so require." A district court also has broad discretion to appoint counsel for indigent litigants under 28 U.S.C. Sec. 1915(d). Under either statute, appointment of counsel rests in the discretion of the district court. We will not override the district court's decision not to appoint counsel unless it should have been plain beyond doubt that the difficulty of the issues relative to the capabilities of the petitioner would make it impossible for him to obtain any sort of justice without the aid of a lawyer. Farmer v. Haas, 990 F.2d 319, 323 (7th Cir.1993). The relevant inquiry is: Given the difficulty of the case, did the petitioner appear to be competent to try it himself and, if not, would the presence of counsel have made a difference in the outcome? Id. at 322.
 
 
 12
 Our review of the record convinces us that the district court properly exercised its discretion in this case. The legal issues raised in Bleitner's petition are not complex. Because Bleitner raised similar issues during his trial in state court and on direct appeal (at which he was represented by counsel), little additional factual investigation or legal research was necessary. Moreover, Bleitner displayed an ability to manage his case without the assistance of counsel. He filed numerous motions in the district court, seeking everything from discovery to a default judgment. The presence of counsel would not have made a difference in the outcome. With the exception of the challenge to the finding of competence to stand trial, Bleitner's petition does not raise any colorable claims. The competency issue boiled down to the simple question whether the lay testimony that Bleitner was competent outweighed the expert testimony that he was not. Answering this question required nothing more than a review of the cold record. Appointed counsel could have contributed little, if anything, to this process.
 
 
 13
 For the foregoing reasons, the district court's denial of Bleitner's petition for a writ of habeas corpus is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record