129 F.3d 1267
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Christopher CRISP, Petitioner-Appellant,
v.
Salvador GODINEZ, Warden, Stateville Correctional Center,
Respondent-Appellee.
 No. 95-3811.
 United States Court of Appeals, Seventh Circuit.
 Argued April 22, 1997.
Decided Oct. 24, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 94 C 3815; Ann Claire Williams, Judge.
 Before COFFEY, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Christopher Crisp appeals from the district court's denial of his petition for a writ of habeas corpus. The district court found that Crisp procedurally defaulted on all but one of the claims he sought to raise in his petition by failing to fairly present these issues to the Illinois Supreme Court or to the appellate court. On the claim he did property preserve, the district court held that Crisp's argument failed on the merits. For the reasons stated below, we affirm.
 
 
 2
 Following a jury trial, Crisp was convicted of attempted first degree murder, armed violence and aggravated battery, for which he was sentenced to concurrent terms of 28 years, 28 years, and 5 years, respectively. The charges arose out of a violent confrontation among Crisp, his associate Kenneth Twyman, and Anthony Banks. According to evidence presented at trial, Crisp and Twyman twice approached Banks in attempts to recruit him as a salesman in their cocaine business. On both occasions, Banks declined the invitation. On the third meeting among the three, Twyman pulled a gun on Banks and tried to hit him with it. In the ensuing scuffle for the gun, Banks pulled out a knife and stabbed Twyman three times before Twyman released his grip on the gun. Crisp then picked up the gun and fired three times at Banks, striking him on the legs and back, as Banks ran from the scene. Moments after the shooting, Banks told an acquaintance "Kenny did it."
 
 
 3
 The jury did not accept Crisp's testimony that he fired the gun in self-defense, with his eyes closed, as Banks swung the knife at him. Crisp was convicted on all counts. In his direct appeal, Crisp raised a number of claims which he repeated in his habeas petition, albeit with a different spin. In the direct appeal, he claimed that the trial court erred when it 1) refused to allow him to cross-examine Banks regarding Banks' use of narcotics; 2) allowed police officers to testify about the post-arrest statements of Twyman; 3) limited cross-examination of Banks on his statement that "Kenny did it;" 4) permitted the State to elicit from Banks that he had seen Crisp with a gun before this incident; 5) excluded Crisp's testimony as to state of mind at the time of the shooting; 6) excluded evidence of Banks' state of mind at the time of the shooting; 7) admitted hearsay statements that were essentially prior consistent statements; 8) admitted certain hearsay statements by Twyman under the co-conspirator exception; 9) allowed evidence of other crimes committed by Crisp; 10) permitted police testimony that Crisp possessed narcotics; 11) allowed evidence regarding gang associations; 12) allowed prosecutorial misconduct in closing statements; 13) denied Crisp's motion for discovery on the State's handling of charges against Twyman; 14) cumulatively allowed all of these errors; and 15) abused its discretion at sentencing.
 
 
 4
 The district court found that, with the possible exception of his argument that he was deprived of a fair trial because of the prosecutor's inflammatory statements in closing argument, Crisp presented these arguments to the appellate court in purely evidentiary terms. Although he occasionally intoned that these errors deprived him of due process and his right to confront his accusers, he cited no case law framing these issues as constitutional, and made no argument regarding the constitutional nature of his claims. The appellate court vacated Crisp's conviction for armed violence based on an error of law stated by the prosecution in closing arguments, an error that apparently went uncorrected in jury instructions. The appellate court otherwise affirmed Crisp's conviction and sentence on the remaining counts. In his petition for leave to appeal to the Illinois Supreme Court, Crisp again failed to frame any of these evidentiary issues as constitutional problems, except for his argument that he was deprived of due process and his right to confront witnesses when the trial court permitted police testimony that Crisp was found holding narcotics when no foundation had been laid to show the substances were in fact narcotics. The Illinois Supreme Court declined to consider Crisp's appeal.
 
 
 5
 In his petition for writ of habeas corpus, Crisp for the first time clearly framed these evidentiary issues in constitutional terms as violations of his right to due process. Crisp also narrowed the issues on review in his petition, claiming as error the trial court's refusal to allow Crisp's testimony regarding his state of mind at the time of the shooting, its refusal to allow Crisp to cross-examine Banks on Bank's drug use, its allowance of questions about Twyman's post-arrest statements, its refusal to allow cross-examination of Banks regarding his statement that "Kenny did it," its limitation of cross-examination of Banks regarding his state of mind, its admission of hearsay statements of Twyman under the co-conspirator exception, its failure to address the prosecutor's inflammatory remarks during closing arguments, and the cumulative effect of these errors.
 
 
 6
 The district court held that Crisp failed to fairly present his federal constitutional claims to the state's highest court because he had presented his claims below in purely evidentiary terms. The district court further held that Crisp's brief to the Illinois appellate court also presented his arguments in solely evidentiary terms, and Crisp failed to cite any cause or prejudice that prevented him from addressing these constitutional issues. Thus, the district court held that Crisp procedurally defaulted on all of his claims except his claim that he was deprived of a fair trial because of the prosecutor's inflammatory closing argument. On that claim, the district court held that in the context of the entire record, the improper statements of the prosecutor did not result in substantial prejudice or so infect the trial that the resulting conviction constituted a denial of due process.
 
 II.
 
 7
 On appeal, we must decide whether Crisp fairly presented his constitutional claims to the appropriate state court or whether, as the district court found, he procedurally defaulted. A state prisoner must normally exhaust available state court remedies before a federal court will entertain the prisoner's petition for habeas corpus. Picard v. Connor, 404 U.S. 270, 275 (1971). Requiring exhaustion of state court remedies reflects a policy of state-federal comity. Id. The purpose of the requirement is to give the state courts an opportunity to correct violations of the prisoner's federal rights, because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation. Id. Once a state prisoner has fairly presented his or her claims to the state courts, the exhaustion requirement has been met. The issue before us today is whether Crisp fairly presented his constitutional claims to the state courts.
 
 
 8
 In determining whether Crisp fairly presented his claims to the appellate court, we consider, among other issues, whether the petitioner's argument to the state court: 1) relied on federal cases employing constitutional analysis; 2) relied on state cases applying federal constitutional analysis to a similar factual situation; 3) asserted the claim in terms so particular as to call to mind a particular constitutional right; or 4) alleged a pattern of facts that is well within the mainstream of constitutional litigation. Verdin v. O'Leary, 972 F.2d 1467, 1473-74 (7th Cir.1992). In order to fairly present a claim, a petitioner must submit to the court both the operative facts and the controlling legal principles. Id., 972 F.2d at 1474. What is important is that the petitioner present the substance of the federal claim to the court and "raise the red flag of constitutional breach." Id., 972 F.2d at 1474-75 (citing Dougan v. Ponte, 727 F.2d 199, 201 (1st Cir.1984)). We noted in Verdin that due process claims are, at times, indistinct and often overlap with certain state law claims. Such claims are often not recognizable to the state court as constitutional claims unless the petitioner elaborates on the claim. "On that basis, courts have rejected bare allegations that the defendant was not given a fair trial. Vague or cursory references to 'due process' have raised similar hesitations." Verdin, 972 F.2d at 1475 (internal citations omitted). On a case-by-case basis, we must determine "whether the state court was sufficiently alerted to the federal constitutional nature of the issue to permit it to resolve that issue on a federal basis." Id., 972 F.2d at 1476. See also Williams v. Washington, 59 F.3d 673, 677 (7th Cir.1995) (fair presentation contemplates that both the operative facts and the controlling legal principles be submitted to the state court).
 
 
 9
 With these standards in mind, we turn to Crisp's presentation of the issues before the state courts. In his Illinois appellate brief, Crisp contended that the trial court violated various state law evidentiary principles. On a few occasions, after arguing in purely state law terms, and citing only state court cases, Crisp concluded a particular argument section of his brief by claiming not only evidentiary error, but a violation of his due process rights or his right to confrontation. These invocations of constitutional rights were always expressed in conclusory terms without supporting argument and without supporting citations.[1] With few exceptions, Crisp cited no cases implicating any constitutional right, and failed to argue in constitutional terms.[2] The appellate court, accordingly, addressed his claims as state law evidentiary claims and not as constitutional issues.
 
 
 10
 In his petition for leave to appeal before the Illinois Supreme Court, Crisp claimed only one constitutional error: that he was deprived of due process and his right to confront witnesses when the trial court permitted police testimony that Crisp was found holding narcotics when no foundation had been laid to show the substances were in fact narcotics.[3] The government argues that it is the petition for leave to appeal to the Illinois Supreme Court that we must consider in deciding whether the constitutional claims were fairly presented to the state court. But because the government concedes that Crisp raised the same issues in his petition for leave to appeal as he raised in his appellate brief, we need not decide the import of the petition for leave to appeal, which the Illinois Supreme Court denied. Thus we do not address the dispute between the parties over whether the denial of the petition for leave to appeal was a decision on the merits. Instead we will review Crisp's appellate brief to determine if he fairly presented his constitutional claims to the state court.
 
 
 11
 We conclude that Crisp failed to fairly present to the state court any of the claims included in his petition for a writ of habeas corpus. As noted above, Crisp presented these claims in purely state law terms, alluding to federal constitutional rights only in a conclusory fashion at the end of certain of his arguments. He cited no state or federal cases implicating federal constitutional rights, and framed his fact patterns largely as state law evidentiary issues. He failed to alert the state appellate court in any way that he was raising constitutional claims, and not surprisingly, the appellate court addressed his claims strictly as state law claims, with no constitutional analysis. See Anderson v. Harless, 459 U.S. 4, 7-8 (1982) (when petitioner presents state law claims in direct appeal without presenting constitutional claims to state court, issue is not fairly presented and may not be considered in petition for habeas corpus ). Although the district court generously construed Crisp's appellate brief to fairly present the issue of prosecutorial misconduct during closing argument as a constitutional claim, we find that he procedurally defaulted that claim as well. In any case, we agree with the district court on the merits of that claim, that taken in the context of the entire record, the prosecutor's remarks did not result in substantial prejudice or so infect the trial that the resulting conviction constituted a denial of due process. See United States v. Pirovolos, 844 F.2d 415, 425-27 (7th Cir.1988), cert. denied, 488 U.S. 857 (1988). Finding that Crisp procedurally defaulted all of the claims raised in his petition, the district court's judgment is
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 For example, at the end of the argument section relating to the limitation of cross-examination of Banks as to his state of mind, Crisp states that the "trial court denied defendant a fair trial, denied defendant his right to confront his accusers, denied defendant his right to present evidence on his behalf and improperly excluded evidence corroborative" of his self-defense claim. But the entire argument preceding this statement focuses not on any constitutional issue, but on the contention that the court erred in applying the rules of evidence. Further, Crisp cites only state court cases, and only for support of his evidentiary law arguments, not for any constitutional proposition
 
 
 [2]
 On the rare occasion when Crisp did cite a case implicating federal constitutional rights, he invariably cited the case for a proposition unrelated to constitutional concerns. Such references are inadequate to fairly present the constitutional claim
 
 
 [3]
 Crisp did not raise this issue in his petition for habeas corpus and thus we do not address whether he fairly presented that particular issue