Mark WELDON, Petitioner–Appellant,

v.

Larry SMALL; California State Attorney General, Respondents–Appellees.

No. 00–55315.

D.C. No. CV–98–09261–ABC.

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 2001.*

Decided June 25, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

MEMORANDUM **

Mark Weldon appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition for failure to exhaust state remedies. We have jurisdiction pursuant to 28 U.S.C. § 2253(a). We review de novo the district court's decision to deny a petition for a writ of habeas corpus, *See Martinez–Villareal v. Lewis,* 80 F.3d 1301, 1305 (9th Cir.1996), and we affirm.

Weldon's contention that the district court erred by dismissing his § 2254 habeas petition for containing an unexhausted claim lacks merit because Weldon's fourth claim was never fully and fairly presented to the California Supreme Court. *See Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) (holding that in order to satisfy the "fair presentation" requirement, "a federal habeas petitioner [must] provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim").

Indeed, review of the record shows that Weldon's claim alleges additional claims of ineffective assistance that were not raised in either his state habeas petition or his supplement to the state habeas petition. *See Anderson,* 459 U.S. at 6, 103 S.Ct. 276. Because a habeas petition containing both exhausted and unexhausted claims generally must be dismissed in its entirety, *see Rose v. Lundy,* 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), the district court did not err by dismissing Weldon's § 2254 petition as unexhausted. *Carriger v. Lewis,* 971 F.2d 329, 333–34 (9th Cir. 1992) (en banc) (stating that defendant's new theories of ineffective assistance of counsel not previously included in the state petition were unexhausted).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

