Argued and submitted September 10, order of Court of Appeals affirmed
October 24, 2002

## JESSE CLARENCE PRATT,
*Petitioner on Review,*

*v.*

## Nicholas ARMENAKIS,
Superintendent,
Oregon State Penitentiary,
*Respondent on Review.*

(TC 93C-13559; CA A107068; SC S48306)

56 P3d 920

Eric M. Cumfer, Salem, argued the cause and filed the briefs for petitioner on review.

Robert B. Rocklin, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the briefs were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Michael Curtis, of Curtis & Correll, Portland, filed briefs on behalf of *amicus curiae* Oregon Criminal Defense Lawyers Association.

DE MUNIZ, J.

## DE MUNIZ, J.

We allowed review in this case to consider petitioner's challenge to an order entered by the Chief Judge of the Court of Appeals permitting petitioner to file an opening brief of 150 pages. Petitioner contends that, although the Chief Judge generally has discretion to place some limit on the length of the opening brief, state and federal requirements constrain the exercise of that discretion. According to petitioner, the Chief Judge's order must be modified, because a page limit of less than the 260 pages that he requested will not permit him to vindicate fully his constitutional rights in the appellate process. We conclude that petitioner has failed to make such a showing and affirm the order of the Chief Judge of the Court of Appeals.

Petitioner initially was convicted of two counts of aggravated murder and sentenced to death. This court reversed the convictions and remanded for a new trial. *State v. Pratt*, 309 Or 205, 785 P2d 350 (1990). On retrial, petitioner again was convicted of aggravated murder and sentenced to death, and this court affirmed the convictions and sentence. *State v. Pratt*, 316 Or 561, 853 P2d 827 (1993).

In a subsequent post-conviction proceeding, petitioner unsuccessfully attempted to have his convictions and sentence vacated. He then appealed from the judgment dismissing his petition for post-conviction relief.

In the Court of Appeals, petitioner requested permission to file an extended brief of 260 pages. The Chief Judge granted the motion in part, extending the page limit for the opening brief to 100 pages.[1] Petitioner then moved for reconsideration, again requesting permission to file a brief of 260 pages. The Chief Judge granted the motion for reconsideration in part, extending the page limit to 150 pages. Still dissatisfied, petitioner sought review in this court of the Chief Judge's order on reconsideration.

---

[1] Oregon Rules of Appellate Procedure (ORAP) 5.05(2)(a) provides that no brief may exceed 50 pages. However, rule 5.05(3)(a) provides, in part:

"On motion of a party stating a specific reason for exceeding the prescribed limit, the court may permit the filing of a brief * * * exceeding the page limits prescribed in section (2) of this rule or prescribed by order of the court."

Petitioner's primary contention is factual. He asserts that a restriction on the length of his opening brief will require him to omit some claims of error from the brief and limit his ability to argue the claims fully. On the basis of that assertion, petitioner argues that requiring him to file a brief of fewer than 260 pages implicates his state and federal constitutional rights. For example, petitioner argues that the 150-page limit violates the remedies clause of Article I, section 10, of the Oregon Constitution because, "[f]or the law to recognize a right but deprive a person of a substantial remedy for harm to his person would violate Article I, section 10."[2] Further, petitioner asserts that, under the remedies clause, justice would not be "complete" unless the court considers all the issues that he desires to raise.

Petitioner makes several federal arguments as well. For example, he asserts that the Due Process Clause of the Fourteenth Amendment[3] includes a right to be heard and that a page limit prejudices that right. He also contends that the page limit violates the federal Supremacy Clause,[4] because the page limit will require him to forego making several arguments based on federal law. In addition, he urges that the page limit transgresses the concept of "meaningful appellate review" under the Eighth Amendment to the

---

[2] Article I, section 10, provides, in part:

"No court shall be secret, but justice shall be administered, openly and without purchase, completely and without delay, and every man shall have remedy by due course of law for injury done him in his person, property, or reputation."

See Smothers v. Gresham Transfer, Inc., 332 Or 83, 23 P3d 333 (2001) (discussing origins of remedies clause).

[3] The Fourteenth Amendment to the United States Constitution provides, in part:

"[N]or shall any state deprive any person of life, liberty, or property, without due process of law[.]"

See Cleveland Board of Education v. Loudermill, 470 US 532, 542, 105 S Ct 1487, 84 L Ed 2d 494 (1985) (explaining that right to be heard in court follows from due process requirement).

[4] Article VI of the United States Constitution provides, in part:

"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby[.]"

United States Constitution[5] and Oregon's statutory right to counsel under ORS 138.590,[6] because it will deprive petitioner of the opportunity to make all the arguments that he desires to make.

■　　We begin with ORAP 5.05(3)(a). Two elements of that rule are significant: the moving party's specific reason to extend the page limitation and the number of pages by which the moving party desires to exceed the prescribed limit. However, stating a specific reason for exceeding the prescribed page limit will not necessarily justify an extension to any length that the moving party desires. Some limit on the length of any appellate brief is necessary. ORAP 5.05(3)(a) provides the court with discretion to decide whether the specific reason that the moving party offers justifies extending the page limit and, if so, by how much.

■　　Here, however, petitioner's argument does not acknowledge any legitimate exercise of discretion by the Court of Appeals in this instance. As previously noted, petitioner's argument is based on the factual assertion that restricting the page limit to fewer than the 260 pages that he requested violates a number of his constitutional rights because it will force him to choose not to brief potentially meritorious claims of error. That argument fails for two reasons. First, that contention is speculative. Counsel for petitioner simply asserts, in part, that he wants to raise "all issues that have arguable merit," that he "intends to raise at least 29 assignments of error," and that he "anticipates that the argument section of the brief will consume approximately 160 pages." More is required. For example, petitioner could have submitted, in support of his motion, a 150-page brief that concisely addressed only state law claims, but failed to address arguable federal law claims due to the page limit. That kind of evidence would have constituted at least some

---

[5] "[N]or [shall] cruel and unusual punishments [be] inflicted." US Const, Amend VIII. *See Parker v. Dugger*, 498 US 308, 321, 111 S Ct 731, 112 L Ed 2d 812, *reh'g den*, 111 S Ct 1340, 113 L Ed 2d 271 (1991) (explaining that Eighth Amendment requires meaningful appellate review to ensure that death penalty is not imposed arbitrarily or irrationally).

[6] If the circuit court determines that the petitioner is indigent, then "the circuit court shall appoint suitable counsel to represent petitioner." ORS 138.590(4).

proof that limiting the brief to fewer than 260 pages would force petitioner to make unacceptable choices in briefing the necessary issues.

Second, petitioner has failed to show that he requires 260 pages to address *all* the worthy arguments that he desires to advance in his appeal. Courts depend on counsel to examine the record, study the applicable law, and analyze the potentially meritorious claims that should be advanced on appeal. The exercise of professional skill and judgment often requires a lawyer to pick and choose among arguments or theories, and a death penalty appeal is no exception to that requirement. *See Smith v. Robbins*, 528 US 259, 288, 120 S Ct 746, 145 L Ed 2d 756 (2000) (appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal"). Effective appellate advocacy requires counsel to make those choices. Counsel's assertions in support of the motion do not demonstrate that he analyzed those choices before seeking an extended brief of 260 pages.

■ Finally, petitioner argues that he must raise every possible legal issue on appeal to preserve those arguments for possible further review in federal court. Petitioner is correct that the federal courts do not consider that state remedies are exhausted unless an appellant has "fairly presented" a claim of error to a state high court and that court has had an opportunity to consider the argument and correct the asserted legal defect. *Picard v. Connor*, 404 US 270, 274-75, 92 S Ct 509, 30 L Ed 2d 438 (1971). Federal courts require a habeas petitioner "to provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon [petitioner's] constitutional claim." *Anderson v. Harless*, 459 US 4, 6, 103 S Ct 276, 74 L Ed 2d 3 (1982). Federal exhaustion requirements, however, have no bearing on our determination whether petitioner has shown that the number of pages that the Court of Appeals authorized violates the constitutional rights on which he relies.

Petitioner has not made a showing that the page limit that the Chief Judge authorized will prohibit him from fully vindicating his constitutional rights in the appellate

process. Because petitioner has not made the requisite show-
ing, the order of the Chief Judge of the Court of Appeals
authorizing an extended brief of 150 pages is affirmed.

The order of the Court of Appeals is affirmed.