UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE LUIS LUNA,<br><br>       Petitioner - Appellant,<br><br>v.<br><br>ANTHONY LAMARQUE,<br><br>       Respondent - Appellee. | No. 06-16823<br><br>D.C. No. CV-02-04045-SBA<br>Northern District of California,<br>Oakland<br><br><br>ORDER WITHDRAWING<br>DISPOSITION AND DENYING<br>REHEARING |

Before: HUG, W. FLETCHER and CLIFTON, Circuit Judges.

The Memorandum disposition filed April 28, 2008 is withdrawn and replaced by the attached Memorandum disposition.

With the filing of this new disposition, the panel has voted unanimously to deny the petition for rehearing. Judge Fletcher and Clifton have voted to deny the petition for rehearing en banc, and Judge Hug so recommends.

The full court has been advised of the petition for rehearing en banc and no judge of the court has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for rehearing and the petition for rehearing en banc, filed May 12, 2008, are **DENIED**.

FILED

**NOT FOR PUBLICATION**

OCT 15 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE LUIS LUNA, | No. 06-16823 |
| Petitioner - Appellant, | D.C. No. CV-02-04045-SBA |
| v. | |
| ANTHONY LAMARQUE, | MEMORANDUM [*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Argued and Submitted October 19, 2007
San Francisco, California

Submission Withdrawn October 23, 2007
Resubmitted April 22, 2008

Before: HUG, W. FLETCHER, and CLIFTON, Circuit Judges.

The issue in this case is whether all or part of a tape-recorded interrogation

was properly admitted into evidence at trial. In 2000, Jose Luis Luna was

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

sentenced to 170 years to life in prison based on his conviction in California state court for several offenses committed against a minor over a period of about two weeks. He was convicted on sixteen counts and acquitted of the other charges. He was given consecutive 15-years-to-life terms for each of six acts and consecutive eight-year determinate sentences for each of ten acts. *See* Cal. Penal Code §§ 269(a)(4)-(5), 288(b)(1). Even with the admission of the entire disputed interrogation, the evidence against Luna was somewhat equivocal. The prosecutor admitted to the jury, in final argument, that the detective who had conducted the interrogation (and who had also interviewed the minor) believed that the evidence did not warrant prosecution of Luna.

Luna appealed, alleging *Miranda* and *Apprendi* violations. *Miranda v. Arizona*, 384 U.S. 436 (1966); *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The California Court of Appeal modified Luna's restitution fine but otherwise affirmed in an unpublished opinion. The California Supreme Court denied Luna's petition for review. Luna filed a federal habeas petition in 2002. The district court denied the petition in 2006. We review that decision de novo. *Taylor v. Maddox*, 366 F.3d 992, 997 (9th Cir. 2004).

Luna contends that the trial court should have excluded all of the statements he made during the interrogation. We disagree. Applying the "highly deferential"

2

review required under the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d) ("AEDPA"), we cannot conclude that the California Court of Appeal unreasonably applied *Miranda* and its progeny in holding that Luna failed to unambiguously invoke his right to counsel during the early parts of his interrogation. *See Davis v. United States*, 512 U.S. 452, 459 (1994); *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003). We conclude, however, that in a later part of the interrogation Luna did adequately invoke his right to counsel.

Respondent argues that Luna did not exhaust his federal claims that are based on his requests for counsel during later parts of the interrogation. We agree with the district court that Luna successfully exhausted these claims. In the state proceedings, it was clear that Luna was asserting that his *Miranda* rights had been violated. *Cf. Anderson v. Harless*, 459 U.S. 4, 6-7 (1982) (holding claim unexhausted when federal constitutional basis of claim was unclear). Luna's state court brief referred to more than one point during the interrogation at which questioning should have ceased. The brief also included the rule from *Miranda* that invocations can come at any time during an interrogation. The state court thus had "a fair opportunity to act on" all of Luna's *Miranda* right to counsel claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Arnold v. Runnels*, 421

3

F.3d 859, 864-65 (9th Cir. 2005) (applying *Miranda* on AEDPA habeas review to statements ignored by state court).

Because the state court did not address Luna's claims that he adequately asserted his right to counsel later in his interrogation, we review those claims de novo. *See Rompilla v. Beard*, 545 U.S. 374, 390 (2005) (examining prejudice aspect of ineffective assistance of counsel claim de novo because state court only considered adequacy of representation); *Lewis v. Mayle*, 391 F.3d 989, 996 (9th Cir. 2004) (reviewing de novo the waiver aspect of Sixth Amendment claim where state court reached only conflict-of-interest aspect).

Luna made repeated references to a lawyer during his interrogation. The two references addressed by the Court of Appeal were the following. Almost immediately after the *Miranda* warning was read to him, Luna said "I should probably get a lawyer, I guess." Several minutes later, Luna said, "Ya, we can talk. It looks like I got nothin' else to do. In other words, I'll just wait 'til I get booked and wait 'til I'm charged or whatever, you know whatever or get a lawyer."

Luna made two later references to a lawyer, neither of which was considered by the Court of Appeal. First, he said, "So I don't understand if I need to get a lawyer." Second, he asked the interrogating detective, "Are you my lawyer?" She responded that she was not his lawyer. Luna then stated, "Well it sound [pause] . .

4

. The way it's goin' it sounds like I need a lawyer. [pause] And I need help."[1]

While the first of these two statements is ambiguous, the second is not. The second statement contains none of the traditionally ambiguous words such as "maybe," "might," or "I think." *See Arnold*, 421 F.3d at 865-66. Indeed, Luna explicitly said "And I need help" immediately after expressing a need for a lawyer. The detective did not stop her interrogation but rather continued to question Luna.

The Supreme Court has provided an objective test for invocation of the right to counsel in *Davis v. United States*, 512 U.S. 452 (1994). The suspect in *Davis* explicitly waived his right to counsel, both orally and in writing, before the interrogation began. After an hour and a half, he said, "Maybe I should talk to a lawyer." The Court held that, under the circumstances, this statement was not an unambiguous invocation of the right to counsel:

> Invocation of the *Miranda* right to counsel requires, at a minimum, some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney. . . . Although a suspect need not speak with the discrimination of an Oxford don, . . . *he must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney*.

---

[1] The pauses indicated here are not indicated in the written transcript of the interview, but they are apparent on the audiotape in the record.

5

*Id.* at 459 (emphasis added). The California Court of Appeal applied *Davis* in its analysis of Luna's early, unsuccessful invocations of his right to counsel. In our analysis of his later invocations, we also apply *Davis*.

We hold that in the circumstances of this interrogation, Luna's final statement — "[I]t sounds like I need a lawyer. And I need help" — was a sufficient invocation of his right to counsel. We have repeatedly recognized that the circumstances in Davis included the suspect's explicit waiver of his right to counsel at the beginning of the interrogation. *See United States v. Rodriguez*, 518 F.3d 1072, 1078 (9th Cir. 2008); *United States v. Cheeley*, 36 F.3d 1439, 1447-48 (9th Cir. 1994). The suspect in Davis explicitly waived his right to counsel and later made a single statement that "maybe" he should talk to a lawyer. By contrast, Luna never explicitly waived his right to counsel and repeatedly mentioned getting a lawyer. In his final statement, Luna stated that "it sounds like I need a lawyer," and stated, "And I need help." "[A] reasonable police officer in the circumstances would understand the statement to be a request for an attorney." *Davis*, 512 U.S. at 459. The trial court therefore erred in admitting any statements Luna made after this invocation. *Id.* at 458.

Before making this final statement, and thereby adequately invoking his right to counsel, Luna had confessed to one of the instances of lewd conduct for

6

which he was convicted. The admission of his confession was proper with respect to that conduct, and his conviction for that conduct must stand. However, Luna's incriminating statements regarding all of the other conduct for which he was convicted came after he properly invoked his right to counsel. It is clear from the record that admission of his confession was not harmless error as to these convictions. *See Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993). We therefore affirm the district court as to Luna's conviction for one count of a lewd act on a minor, for which he was sentenced to eight years in prison. However, we reverse the district court as to Luna's conviction on the remaining counts. Our decision obviates Luna's *Apprendi* challenge.

AFFIRMED in part and REVERSED in part. REMANDED to the district court for further proceedings in accordance with this disposition. Petitioner Appellant awarded costs on appeal.